In the Matter of Margarite
BIRCKELBAW, Debtor.

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF LIVINGSTON
COUNTY, Plaintiff,

v.

Margarite BIRCKELBAW, Defendant.

Bankruptcy No. 82–00642.
Adv. No. 83–0192.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Oct. 13, 1983.

Susan L. Reck, Howell, Mich., for plaintiff.

Carl L. Bekofske, Flint, Mich., for debtor/defendant.

## MEMORANDUM OPINION

STANLEY B. BERNSTEIN, Bankruptcy Judge.

### FACTS

The Plaintiff, First Federal Savings & Loan Association of Livingston County (First Federal), was granted a mortgage from Michael and Pamela Mills on August 2, 1976; the mortgage debt was in the amount of $26,000.00. The Mills sold the mortgaged property by land contract to Lawrence and Lucinda Lynn on June 1, 1977. On February 17, 1979, the Lynns assigned their interest in the land contract to the debtor-defendant, Margarite Birckelbaw. The debtor filed a Chapter 13 petition on June 16, 1982.

The mortgage between First Federal and the Mills contains a due-on-sale clause and an acceleration-after-notice clause. First Federal sent the Mills a notice on April 25, 1983 that their default must be cured by May 31, 1983 to prevent acceleration; the arrearage as of May 15, 1983 was $2,168.57.

First Federal alleges that the Mills are unable to make their house payments because the debtor is not making the payments required under her plan. The Plaintiff further states that the Mills and/or the debtor failed to pay the 1982 property taxes on the mortgaged property.[1]

### DISCUSSION

The Plaintiff is a savings and loan association chartered by the Federal Home Loan Bank Board and thus falls under its regulations. 12 C.F.R. § 545.8–3(f) specifically authorizes regulated lenders to include due-on-sale clauses in instruments secured by an interest in real property. The wording of the due-on-sale clause is to be fixed by the contract between the lender and borrower. This regulation was upheld by the Supreme Court in *Fidelity Federal Savings & Loan Association v. de la Cuesta,* 458 U.S. 41, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).

Although there are no post-*Fidelity* cases which reach the potential conflict between the federal due-on-sale law and bankruptcy law, this Court is spared that arduous analysis in this matter. The debtor acquired the property through an assignment of a land contract subject to the mortgage. The debtor has little or no equity in the property. The land is not essential to the debtor's effective reorganization, nor would any creditors, other than the Plaintiff, benefit by the retention of the property within the Chapter 13.

When the Chapter 13 debtor is in default on his mortgage loan, the mortgage holder seeks to accelerate the mortgage and proceed with foreclosure. This immediately raises the conflict in attempting to reconcile § 1322(b)(2) and (b)(5) of the Code to determine at what stage in the process the debtor loses the right to "cure the default." In this proceeding, however, the Plaintiff's ac-

---

1. First Federal believes that the debtor no longer resides at the mortgaged residence, but rather is renting the home to unknown persons; however, the property was listed as the debtor's residence on her petition.

   The Plaintiff commenced this adversary proceeding on May 31, 1983 seeking to lift the automatic stay so that it could enforce the due-on-sale clause and commence foreclosure.

The parties have agreed that the critical time for determining whether secured real property is the debtor's residence for the purpose of application of 11 U.S.C. § 1322 is the time of filing the bankruptcy petition. It is thus irrelevant that the debtor subsequently ceased using the property as her residence during the Chapter 13 proceedings.

celeration results from a breach of contract—the mortgagors sold the mortgaged property without the lender's authorization, thus triggering the due-on-sale clause. As such, there is no "default" which the debtor can cure; § 1322 applies primarily to monetary defaults.

For the foregoing reasons, there is no reason that the automatic stay should remain in effect. The automatic stay is therefore lifted with respect to this real property; Plaintiff may foreclose and enforce its lien and security interest against the mortgagors.